ROBERT H. WILLIAMS, RESPONDENT, v. THE PENNSYL-
VANIA RAILROAD COMPANY, APPELLANT.

Submitted July 7, 1921—Decided December 7, 1921.

1. A ferry company, being a common carrier of passengers, is bound
   to use a high degree of care to protect a passenger from harm;
   and where a passenger was hit and injured by the "hook end"
   of a rope (used to draw trucks off the boat) which the evidence
   tended to show flew off of the electric power "winch" by reason
   of the careless operation and insufficient manning of the appli-
   ance, the question of the negligence of the ferry company was for
   the jury.

2. The plaintiff, after paying the fare, drove a government mail
   motor truck to the usual place in the defendant's ferry-house to
   wait for the boat, and, having dismounted to ascertain if the
   truck had been injured by being "bumped" by a team behind, was
   himself injured, whilst about to remount the truck, by being hit
   by the flying "hook end" of a rope through the negligence of the
   defendant's servants. *Held*, that the mere fact that the plaintiff
   had dismounted from the truck did not justify a nonsuit or the
   direction of a verdict against him, since that act cannot be said
   as a matter of law to be negligent, and presented simply a con-
   dition which had no causal connection with the negligent opera-
   tion of the appliance which caused his injury.

On appeal from the Hudson County Circuit Court.

Before Justices TRENCHARD, BERGEN and MINTURN.

For the appellant, *Wall, Haight, Carey & Hartpence.*

For the respondent, *Alexander Simpson.*

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff below was a driver employed
by the United States government to deliver mail.   On the
way to the Jersey City post office he drove his motor mail
truck into the ferry-house of the defendant company at Cort-
landt street, in New York City, and surrendered his ferry

ticket. Whilst waiting there for the boat he was hit and injured by an appliance of the defendant. He brought this action to recover for such injury. The jury found in his favor, and the defendant company appealed from the consequent judgment.

We are of the opinion that the judgment should not be disturbed.

The defendant was a common carrier of passengers, and was bound to use a high degree of care to protect the plaintiff, its passenger, from harm. It was open to the jury to find that the defendant failed to perform that duty, since the plaintiff was hit by the "hook end" of a rope (used to draw trucks off the boat), which the evidence tended to show flew off of the electric power "winch" by reason of the careless operation and insufficient manning of the appliance.

The question of the negligence of the defendant was therefore properly submitted to the jury. *Peters* v. *Philadelphia and Camden Ferry Co.,* 77 N. J. L. 540.

But the defendant also maintains that a nonsuit should have been granted or a verdict directed for the defendant because the plaintiff had dismounted from his truck and was therefore guilty of contributory negligence.

Not so. The plaintiff had driven his truck to the usual and customary place in the ferry-slip to wait for the boat. It is true that he was injured whilst about to remount his truck from which he had dismounted for the purpose of examining the extent of the damage, if any, done to his truck by being "bumped" by a team behind. It may be that if he had remained upon the truck he would not have been hit by the flying hook, but that for present purposes is immaterial. His act of dismounting certainly cannot be said as a matter of law to be negligent, since it might well be regarded as the act of a reasonably prudent and careful man in the circumstances; and, moreover, the fact that he left his seat on the truck presented simply a condition which had no causal connection with the negligent operation of the appliance which caused his injury. *Griffe* v. *Delaware River Ferry Co.,* 91 N. J. L. 280.

These observations dispose of every question raised and argued.

The judgment will be affirmed, with costs.